### MUNICIPALITY OF SAN JUAN, Plaintiff,

v.

### CORPORACIÓN PARA EL FOMENTO ECONÓMICO DE LA CIUDAD CAPITAL (COFECC), Defendant.

### Civil No. 03–1917 (JAG/BJM).

United States District Court, D. Puerto Rico.

June 19, 2008.

---

Eyck O. Lugo–Rivera, Cristina S. Bela-val–Burger, Martinez Odell & Calabria, Eric R. Ronda–Del–Toro, Francisco J. Amundaray–Rodriguez, Juan B. Soto–Bal-bas, Mercado & Soto, San Juan, PR, San Juan, PR, for Plaintiff.

Harold D. Vicente–Gonzalez, Vicente & Cuebas, Peter J. Trias, Trias & Melendez Law Office, San Juan, PR, for Defendant.

Angel A. Valencia–Aponte, Martinez Odell & Calabria, San Juan, PR, for Plain-tiff/Defendant.

### ORDER

BRUCE McGIVERIN, United States Magistrate Judge.

Before the court is a *Motion to Compel Plaintiff to Arbitrate* filed by defendant Corporación para el Fomento Económico de la Ciudad Capital ("COFECC") (Docket No. 65). Notwithstanding its title, the motion in reality requests that this court compel the International Centre for Dispute Resolution of the American Arbitration Association ("ICDR") to appoint three arbitrators instead of one, or in the alternative, to stay the arbitration proceedings. Plaintiff Municipality of San Juan ("Municipality") filed an opposition to COFECC's motion, arguing that the ICDR, having exclusive jurisdiction over the matter, already adjudicated the controversy regarding the number of arbitrators. This matter was referred to me for disposition by

the presiding district judge. (Docket No. 68).

The issue in controversy is whether application of the parties' chosen method of arbitrator selection should be performed by a court or by the arbitral forum. This court concludes that the question of the number of arbitrators is one of arbitration procedure, and that the parties' agreement does nothing to overcome the presumption that such questions are for arbitral, rather than judicial, resolution.

 Federal courts retain jurisdiction in questions of arbitrability, in other words whether parties should be arbitrating at all. *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) The Supreme Court has held, however, that procedural questions which arise from the dispute and bear on its final disposition are to be handled by an arbitrator. *Id.* at 84, 123 S.Ct. 588. "[W]hether one arbitrator or three ought to hear the parties' dispute is not a 'question of arbitrability,' but instead a procedural one." *Dockser v. Schwartzberg,* 433 F.3d 421, 426 (4th Cir.2006). The burden is on the party seeking the court's review on a procedural issue to show arbitration is somehow excluded. *Dockser,* 433 F.3d at 427 (citing *Howsam,* 537 U.S. at 84, 123 S.Ct. 588). COFECC fails to overcome this presumption.

This case strongly resembles *Dockser,* in which the same issue was before the Fourth Circuit. In *Dockser,* the court held that the issue of the number of arbitrators was a procedural matter to be decided before an arbitrator because the parties had agreed to the application of the American Arbitration Association ("AAA") rules and the arbitration agreement did not provide for judicial review of procedural matters. The parties in *Dockser,* as in the present case, agreed to have the arbitration proceedings governed by the AAA rules. The court reasoned that the AAA rules provided that "parties that invoke the rules 'thereby authorize the AAA to administer the arbitration,' and 'the authority and duties of the AAA ... may be carried out through such of the AAA's representatives as it may direct.'"

Like *Dockser,* the parties' agreement does not provide for judicial review. Both parties agree that Section 702 of the Deed of Trust serves as the parties' arbitration clause. Section 702 states in full that: "[i]n the event any controversy arises between the parties with regard to their responsibilities and obligations under this contract, said differences shall be resolved by arbitration. The parties should mutually agree to consent to the designation of an arbitrator and shall become obligated by his decision. The parties will equally share the costs of arbitration." (Docket No. 55–4, sec. 702). Far from excluding arbitration, section 702 encourages it, and *no mention of the courts is made-much less a conferral of jurisdiction for the courts in deciding procedural matters.*

Furthermore, the parties agreed to abide by the AAA's rules, and the controversy here lies in the interpretation and application of one of the AAA's rules. COFECC argues that three arbitrators should be used because Rule L–2(a) of the AAA's Commercial Arbitration Rules requires it. The same argument was put forth to the AAA, which decided that, based on the evidence, only one arbitrator was necessary. (Docket No. 65–14). COFECC's dissatisfaction with this decision is a matter within the AAA's purview. COFECC's arguments in this motion should be put before the AAA, if they have not already, since they necessarily involve the number of arbitrators to be used. As the court noted in *Dockser,* the Federal Arbitration Act, 9 U.S.C. § 1–16, "promotes the efficient resolution of disputes through

arbitration, and this goal would be undermined if we were to allow arbitration proceedings to be stalled or nullified by ancillary litigation on minor issues of this type." *Dockser*, 433 F.3d at 423.[1]

Finally, the alleged harm that may befall COFECC is of its own doing, since the record shows that COFECC was given ample opportunity to challenge the designation of Jorge Sala as arbitrator and elected to remain silent. (Docket No. 65–18). If COFECC harbored such strong objections to the appointment of the arbitrator, then it should have litigated that issue before the AAA, which is the proper forum and has exclusive jurisdiction over the case.

For the reasons stated above, COFECC's motion is **DENIED.**

**IT IS SO ORDERED.**

---

**1.** I have also considered COFECC's argument that the parties in effect amended the arbitration agreement to require three arbitrators and find that the evidence submitted does not support this assertion.